IN THE MATTER OF THE ASSIGNMENT OF THE N. LEBRUN MUSIC COMPANY, NICHOLAS LEBRUN, Appellant, v. EMILE BOULANGER, Assignee, Respondent.

### St. Louis Court of Appeals, January 2, 1894.

1. **Assignments for Creditors:** WAIVER OF MORTGAGE RIGHTS. If an assignment for the benefit of creditors includes chattels theretofore mortgaged by the assignor to the assignee, the latter by his acceptance of the trust waives his right to execute a power of sale conferred upon him by the mortgage; but the priority of the mortgage over the assignment remains unaffected.

2. ———: ———: REMOVAL OF ASSIGNEE. But though the assignee has omitted to inventory the mortgaged chattels, and on the advice of his attorney has sold them as mortgagee, he should not, if he has realized their full value, and has credited the proceeds on the mortgage debt, and has also disposed of and properly accounted for all other assigned effects, be removed from office solely by reason of his error in thus proceeding under the mortgage.

3. ———: EFFECT OF EXCESSIVE EXPENDITURES BY ASSIGNEE. An assignee in good faith paid counsel fees to his attorney without any order of court. On his final settlement these outlays were found excessive and partially disallowed after which he accounted for the amount thus disallowed. *Held* that these outlays did not constitute ground for depriving him of compensation for his own services, or refusing him a discharge.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Clopton & Trembley* for appellant.

*J. R. Myers* for respondent.

BIGGS, J.—On the eighth day of June, 1893, the respondent filed his final report and asked for his dis-

charge as assignee of the N. LeBrun Music Company. Thereupon the appellant, Nicholas LeBrun, who is the principal stockholder in the corporation, filed an application in the circuit court for a citation against the assignee to show cause why he should not be dismissed from his trust. The charge was that the assignee had failed to inventory certain personal property therein described. The appellant also objected to the discharge of the assignee upon the grounds that he had failed to file a full and true inventory of the assets of the estate; that he had taken credit for unnecessarily large and improper amounts as expenses. in administering the trust; and that he had sold the uncollectible accounts and good will of the concern, and that he had failed to report his action to the court.

On the final hearing the court discharged the rule on the assignee to show cause why he should not be dismissed. The court disallowed the following items in the final report, viz: $10, auctioneer's fee; $70 of the amount paid to Alice Boulanger as clerk and book-keeper for assignee; $200 retained by assignee for his services, and $75 of the amount paid by the assignee to his attorney; and upon the account as readjusted an order was made on the assignee for the payment of an additional dividend. Afterwards, and during the same term, the assignee filed a supplemental report showing the payment of the additional dividend, and thereupon the assignee was finally discharged. Nicholas LeBrun has appealed.

The assignee attempted to justify his failure to inventory the personal property mentioned in the appellant's application for his discharge upon the ground that, at the time the assignment was made, he was in the possession of the property under a mortgage executed by the N. LeBrun Music Company to secure the payment of certain indebtedness due to him from

the Music Company, that the property was then advertised for sale, that it was afterwards sold by him under the mortgage, and the proceeds credited on the mortgage debt.

We deem it very clear on principle that the assignee by accepting the trust waived his right to proceed under the mortgage, for a sale thereunder would to the extent of the mortgaged property be destructive of the trust which the assignee had assumed. This position is supported by the further consideration that the assignee could not at such a sale represent both himself and the creditors of his assignor. *Hawley v. Mancius*, 7 John. Ch. 174; *Harrison v. Mock*, 10 Ala. 185. But we do not think, as contended by counsel, that the respondent's lien on the mortgaged property was displaced or waived by the acceptance of the trust. The case of *Hawley v. Mancius, supra,* is no authority for this position. There the assignees were judgment creditors of the assignor, and the lien of their judgment was preserved by the terms of the assignment. The court only decided that they could not take out execution against property over which they were exercising control as assignees, and that they must sell, pay and distribute, under the assignment. In the case of *Harrison v. Mock, supra,* it was held that by accepting the trust the assignee therein waived his rights and priorities as an execution creditor; that it could make no difference whether his execution was a lien on the personal property of the assignor when the deed of assignment was executed or not; that in either case the assignee, by agreeing to act as such, elected to come in under the assignment as a general creditor. We cannot understand the principle of this decision, and we, therefore, decline to follow it.

In the case at bar we do not think that the respondent by accepting the assignment waived his right to be

first paid out of the mortgaged property; but he ought
to have sold it as assignee, and it would have been the
duty of the circuit court to protect and enforce his
priorities under the mortgage in the distribution of the
proceeds. He having failed to proceed in this way, the
question is whether he should, for this reason alone, be
removed from the trust. We think not. The prepon-
derance of the evidence tends to show that the prop-
erty sold for its full value, and that the proceeds of sale
were credited on the notes held by respondent. Courts
must deal with the substance of things, and not the
form. What practical good could possibly result to the
appellant, or to any of his creditors (none of whom are
complaining), by the removal of the respondent from
the trust? Neither ought such an order to be entered
by way of punishment, for the evidence tends to show
that the respondent, in proceeding to sell under the
mortgage, acted under the advice of his attorney. So
from any point of view we cannot see wherein the cir-
cuit court erred in discharging the rule against the
respondent, and the appellant's exceptions as to this
branch of the case will be overruled.

On the other branch of the case the appellant testi-
fied that there were various articles, not included in the
mortgage, which were not mentioned in the inventory.
The respondent's evidence tended to prove that some
of these articles did not belong to the assigned estate,
that some were not there, and that whatever were there
had been sold by him and accounted for. His evidence
also tended to show that the entire property was
appraised at $1,706, and that he realized in cash for it
at assignee's sale the sum of $3,431.17. Upon this
evidence the circuit court found the issue for the
respondent. We see no reason for disturbing the
finding.

During the administration of the trust the respond-

ent paid to his attorney what he considered to be a reasonable compensation for his services and advice concerning the administration of the trust. In the final report the amount so paid was entered as a credit. The item was contested, and in the judgment of the circuit court, the amount paid was excessive to the extent of $75. The court was also of the opinion that the assignee had paid his book-keeper $70 too much, and that he had retained $200 in excess of his own compensation. These findings were fully authorized by the evidence. The fact that the respondent paid his attorney without a previous order of court furnishes no reason why he should not be finally discharged, nor was it such a breach of trust as to deprive him of all compensation. We understand it to be customary for assignees and administrators to pay their attorneys as the work progresses without a previous order of court. In doing so, however, they take upon themselves the risk of having the full amount so paid allowed as a credit in their accounts.

We have gone through this record with a good deal of care, and we find no error which would authorize a reversal of the judgment. It will, therefore, be affirmed. Judge ROMBAUER concurs in this opinion. Judge BOND concurs in the result.